Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| CIELO VIVIENDA, LLC<br><br>Demandante - **Recurrido**<br><br>V.<br><br>JOSÉ RIVERA RODRÍGUEZ<br><br>Demandado – **Recurrido**<br><br>DARRYL LAMPITT<br><br>**Peticionario** | KLCE202400208 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: FA2022CV00926<br><br>Sobre: Cobro de Dinero y Ejecución de Hipoteca (Vía Ordinaria) |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de febrero de 2024.

El 20 de febrero de 2024, compareció ante este Tribunal de Apelaciones, el señor Darryl Lampitt (en adelante, parte peticionaria o señor Lampitt), por medio de *Certiorari*. Mediante este, nos solicita que revisemos la *Orden* emitida el 8 de febrero de 2024 y notificada el 9 de febrero de 2024, por el Tribunal de Primera Instancia, Sala Superior de Fajardo. En virtud de la aludida *Orden,* el foro *a quo* les concedió a las partes del pleito de epígrafe un término de veinte (20) días para presentar su posición en cuanto a una moción de reconsideración presentada por el señor Lampitt. El 21 de febrero de 2024, la parte peticionaria también presentó ante este foro la *Moción Urgente en Auxilio de Jurisdicción por Orden de Desahucio/Lanzamiento.*

Por los fundamentos que adelante se exponen, se desestima el recurso de *certiorari* y se declara No Ha Lugar la moción en auxilio de jurisdicción.

**I**

Previo a esbozar los hechos que suscitaron la controversia de epígrafe, es necesario señalar que, la parte peticionaria no acompañó un apéndice con su recurso. Es por lo que, el tracto procesal constará de los documentos que surgen de SUMAC[1].

El 14 de septiembre de 2022, Espacio Residential, LLC (en adelante, Espacio Residential), presentó una *Demanda*[2] sobre cobro de dinero y ejecución de hipoteca por la vía ordinaria, en contra del señor José Rivera Rodríguez (en adelante, señor Rivera Rodríguez). En su *Demanda*, Espacio Residential alegó ser la tenedora de un pagaré hipotecario suscrito el 29 de marzo de 2006, por la suma principal de $100,000.00, más intereses al 6.670%, del cual el señor Rivera Rodríguez era el DEUDOR. Añadió que, para asegurar el pagaré antes descrito, se constituyó una hipoteca sobre un apartamento residencial ubicado en el Condominio Costa Dorada, en el Municipio de Río Grande, Puerto Rico. De igual forma, argumentó que, el señor Rivera Rodríguez había incumplido con las cláusulas de la hipoteca, al dejar de pagar las mensualidades vencidas desde el 1ro de marzo de 2012 el día primero de cada mes subsiguiente hasta el momento de la presentación de la *Demanda*. Indicó, además, que, el señor Rivera Rodríguez le adeudaba la suma de $92,621.49 de principal, más los intereses sobre dicha suma al 6.750% anual desde el 1ro de febrero de 2012, hasta su completo pago. A tales efectos, le solicitó al foro primario que declarara con lugar la *Demanda*.

---

[1] Cabe destacar que, ello no exime a la parte peticionaria de la obligación de presentar un apéndice junto a su recurso conforme a la Regla 34 (E) del Reglamento del Tribunal de Apelaciones.
[2] Véase entrada #1 de SUMAC.

Luego de varias incidencias procesales, innecesarias pormenorizar, el 29 de mayo de 2023, el foro de primera instancia emitió una *Sentencia*[3], donde declaró Ha Lugar la *Demanda* presentada por Espacio Residential. Entre otras cosas, ordenó que, la propiedad en cuestión fuera vendida en pública subasta.

Por otro lado, mediante *Orden*[4] emitida el 10 de julio de 2023, el foro *a quo* permitió la sustitución de Espacio Residential, por Cielo Vivienda, LLC, (en adelante, Cielo Vivienda), según solicitado en la *Segunda Solicitud de Sustitución de Parte por Cesión de Interés*[5].

Así las cosas, el 7 de diciembre de 2023, fue celebrada la Primera Subasta, donde se adjudicó la buena pro del inmueble subastado a Nice Realty Group, LLC (en adelante, Nice Realty Group) por el precio de $141,000.00.

Subsiguientemente, Nice Realty Group presentó la *Moción de Orden de Lanzamiento y Entrega de la Propiedad Subastada*[6], donde le solicitó al foro primario que ordenara la entrega de la propiedad subastada y el desalojo o lanzamiento de los ocupantes y sus bienes. Consecuentemente, el Tribunal de Primera Instancia emitió una *Orden*[7]. Mediante esta, declaró Con Lugar la moción presentada por Nice Realty Group, y ordenó al Alguacil a proceder con la entrega de la propiedad a los adquirientes en subasta.

Posteriormente, la parte peticionaria, por derecho propio, presentó la *Moción en Solicitud de Paralización o Modificación de Orden de Desalojo*[8]. Sin someterse a la jurisdicción del Tribunal de Primera Instancia, informó que era el residente y ocupante de la propiedad objeto de la controversia de epígrafe por medio de contrato de arrendamiento. Sostuvo que, nunca fue emplazado o informado

---

[3] Véase entrada #28 de SUMAC.
[4] Véase entrada #32 de SUMAC.
[5] Véase entrada #31 de SUMAC.
[6] Véase entrada #52 de SUMAC.
[7] Véase entrada #54 de SUMAC.
[8] Véase entrada #57 de SUMAC.

sobre los procesos de ejecución de hipoteca, al igual que, no le fue notificado sobre la terminación del contrato de renta, por parte del señor Rivera Rodríguez u otros representantes de este. Expresó que, se había inducido al foro recurrido a "[d]eterminar una orden de desalojo en violación a los derechos de un contrato de arrendamiento vigente y con lo cual se violenta el derecho a ocupar la propiedad". Aseguró que, tal acción constituía un desahucio ilegal, ya que no se cumplió con las disposiciones del Artículo 620 y subsiguientes del Código de Enjuiciamiento Civil de Puerto Rico. De acuerdo a lo anterior, solicitó a la primera instancia judicial la paralización de la orden de desalojo, o en la alternativa, que se delimite con una exclusión a favor de su persona al ser el "ocupante con un contrato de renta v[á]lido y vigente hasta abril 2024".

Mediante *Orden*[9] notificada el 6 de febrero de 2024, el Tribunal de Primera Instancia expresó: "Nada que proveer. La parte compareciente no se ha sometido a la jurisdicción de este Tribunal". Insatisfecha, la parte peticionaria presentó la *Moci[ó]n en Solicitud de Reconsideraci[ó]n a la Determinaci[ó]n de no Proceder por no Haber Comparecido*[10]. Le solicitó al foro *a quo* que, tomara conocimiento sobre el hecho de que no había sido notificado conforme a las disposiciones de notificación adecuada de las Reglas de Procedimiento Civil, con el propósito de garantizar el debido proceso de ley de las partes. Argumentó que, la orden de lanzamiento podría resultar defectuosa por falta de parte indispensable debido a que no se le notificó sobre el proceso. Asimismo, solicitó al foro primario que ordenara a Nice Realty Group a que notificara conforme a derecho, con el propósito de proteger los derechos de las partes. A estos fines, le solicitó al Tribunal de Primera Instancia que dejara

---

[9] Véase entrada #58 de SUMAC.
[10] Véase entrada #59 de SUMAC.

sin efecto la orden de desalojo hasta tanto se cumpla con lo solicitado en su moción de reconsideración.

Finalmente, el 9 de febrero de 2024, el foro recurrido notificó la *Orden*[11] cuya revisión nos ocupa. En virtud de esta, la primera instancia judicial le concedió a Cielo Vivienda y a Nice Realty Group el término de 20 días para presentar su posición respecto a la solicitud presentada por el señor Lampitt.

Posteriormente, Cielo Vivienda presentó la moción intitulada *Uniéndose a la Representación Legal de la Parte Demandante y en Cumplimiento de Orden*[12]. A través de esta, sostuvo que, el señor Lampitt no era parte indispensable del proceso de epígrafe y que, tampoco tiene derecho a notificación alguna. Lo anterior, debido a que, este solamente era un arrendatario sin legitimación alguna para comparecer al pleito de autos ni para solicitar remedios en contra del proceso de ejecución. De acuerdo a lo anterior, solicitó al foro de primera instancia que dejara sin efecto la solicitud presentada por el señor Lampitt.

Por su parte, Nice Realty Group presentó la *Moción en Cumplimiento de Orden*[13], mediante la cual arguyó que, la solicitud de la parte peticionaria no procedía en derecho y que era contraria a las disposiciones de la Ley del Registro de la Propiedad Inmobiliaria sobre ejecución de hipoteca. Añadió que, la entrega de la propiedad subastada se solicitaba en virtud de la Ley del Registro de la Propiedad Inmobiliaria sobre ejecución de hipoteca y no en virtud de las disposiciones legales de un desahucio o de una relación contractual. Sostuvo, además, que, Nice Realty Group no tenía relación contractual alguna con el ocupante de la propiedad y que, tampoco se había subrogado en las obligaciones que este pudiera

---

[11] Véase entrada #60 de SUMAC.
[12] Véase entrada #61 de SUMAC.
[13] Véase entrada #67 de SUMAC, con fecha de 21 de febrero de 2024.

haber tenido con el señor Rivera Rodríguez. Reiteró, además, su solicitud de entrega y lanzamiento de la propiedad, lo cual, según esta, fue notificado conforme a derecho y personalmente por el Alguacil del Tribunal al señor Lampitt, el 31 de enero de 2024 y que estaba programado para el 29 de febrero de 2024. En la alternativa, le solicitó al foro primario que estableciera una fecha cierta para la entrega o lanzamiento de la propiedad, en o antes del 29 de marzo de 2024.

Inconforme con la *Orden*[14] emitida por el foro *a quo*, el 20 de febrero de 2024 la parte peticionaria acudió ante este foro mediante recurso de *Certiorari* y realizó el siguiente señalamiento de error:

> Err[ó] el Honorable Tribunal de Primera Instancia al proceder acogiendo la reconsideración a la orden de lanzamiento requiriendo a las partes a expresarse <u>sin dejar suspendida la orden de lanzamiento</u> cuando esta fue emitida sin que una parte indispensable fuera notificada de la moci[ó]n de desalojo con su proyecto de lanzamiento y por consiguiente deber[í]a haberse considerado nula y haberse ordenado la suspensi[ó]n de la orden.

El 21 de febrero de 2024, la parte peticionaria presentó la *Moci[ó]n Urgente en Auxilio de Jurisdicci[ó]n por Orden de Desahucio/Lanzamiento.* Por medio de la aludida moción, la parte peticionaria solicitó la paralización del lanzamiento a efectuarse el 29 de febrero de 2024.

El 22 de febrero de 2024, emitimos una *Resolución,* donde le ordenamos a la parte peticionaria acreditar el cumplimiento de la Regla 79 (E) del Reglamento de este Tribunal, en o antes del 23 de febrero de 2024 a las 12:00 del mediodía. Le apercibimos que, el incumplimiento con lo ordenado, daría lugar a la denegatoria de la moción de auxilio y a la desestimación del recurso.

El 23 de febrero de 2024, la parte peticionaria presentó la *Moci[ó]n Informativa en Cumplimiento con lo Ordenado Bajo la Regla*

---

[14] Notificada el 9 de febrero de 2024.

*79 (E).* Por medio de esta alegó haber notificado por correo electrónico a las partes demandantes la presentación del *certiorari* y de la moción de auxilio de jurisdicción y por correo certificado con acuse de recibo a las partes demandadas.

Por no entender necesaria la comparecencia de la parte recurrida, prescindimos de esta[15].

**II**

### A. Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009). La expedición del auto de *certiorari* descansa en la sana discreción del foro apelativo. *Torres González v. Zaragoza Meléndez,* supra. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008); *Rivera et al. v. Arcos Dorados et al.,* supra; *Pueblo v. Rivera Montalvo,* supra, pág. 372. La precitada Regla dispone lo siguiente:

---

[15] En virtud de la Regla 7 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R.7, este tribunal tiene la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de disponer el recurso de manera eficiente.

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[16]

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y

---

[16] 4 LPRA Ap. XXII-B, R. 40.

rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

## B. Jurisdicción

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Miranda Corrada v. DDEC et al.,* 2023 TSPR 40, 211 DPR ___ (2023); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020); *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 499-500 (2019). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022); *Torres Alvarado v. Madera Atiles*, supra, pág. 500. La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020); *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Suffront v. AAA*, 164 DPR 663, 674 (2005).

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así

declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Íd.*; *Autoridad para el Financiamiento de la Infraestructura de Puerto Rico v. Carrión Marrero*, 209 DPR 1 (2022); *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 600 (2014); *Suffront v. AAA*, supra, pág. 674; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394-395 (2022).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[17], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

### C. *Perfeccionamiento de Recursos*

Como norma general, el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987). Es por lo que, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). El incumplimiento con las disposiciones reglamentarias sobre forma, contenido y presentación de los recursos apelativos pudiera tener como consecuencia la desestimación de estos. *Pueblo v. Valentín Rivera*, 197 DPR 636, 641 (2017). Nuestra Máxima Curia ha requerido un cumplimiento fiel y estricto con las disposiciones reglamentarias, tanto de nuestro Tribunal Supremo como de este Tribunal de Apelaciones. *Hernández Maldonado v. Taco Maker*, supra, pág. 290, *Arriaga v. FSE*, 145 DPR 122, 130 (1998).

---

[17] 4 LPRA Ap. XXII-B, R. 83.

La Alta Curia ha dispuesto que, para que un recurso quede perfeccionado es necesaria su oportuna presentación y notificación del escrito a las partes apeladas. *González Pagán v. Moret Guevara*, 202 DPR 1062, 1070-1071 (2019). El Reglamento del Tribunal de Apelaciones, en su Regla 33(B) dispone que, el recurso de *certiorari* que se someta a la consideración del Tribunal de Apelaciones deberá ser notificado a los abogados o abogadas en récord, o en su defecto a las partes dentro del término dispuesto para la presentación del recurso, es decir, dentro del término de treinta (30) días a partir del archivo en autos de la copia de la notificación de la resolución u orden recurrida[18]. Este término es uno de cumplimiento estricto[19].

Con relación a los términos de cumplimiento estricto y jurisdiccional, el Tribunal Supremo de Puerto Rico expresó en *Soto Pino v. Uno Radio Group*, supra, pág. 92, lo siguiente:

> Es norma harto conocida en nuestro ordenamiento que un término de cumplimiento estricto puede ser prorrogado por los tribunales. Ello a diferencia de los llamados términos jurisdiccionales, cuyo incumplimiento impide la revisión judicial por privar de jurisdicción a los tribunales. Véase *Cruz Parrilla v. Depto. Familia,* 184 D.P.R. 393 (2012). Sin embargo, para prorrogar un término de cumplimiento estricto "generalmente se requiere que la parte que solicita la prórroga, o que actúa fuera de término, presente justa causa por la cual no puede cumplir con el término establecido". *Íd.* pág. 403.

Dicha norma fue reiterada posteriormente, en *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 170 (2016), al indicar que "los tribunales *no gozan de discreción para prorrogar los términos de cumplimiento estricto automáticamente*"[20]. En el aludido caso[21], el Tribunal Supremo dispuso lo siguiente:

> [E]l foro adjudicativo tiene discreción para extender un término de cumplimiento estricto **solo cuando la parte que lo solicita demuestra justa causa para la tardanza**. Al ser así, se le requiere a quien solicita la prórroga o a quien actúe fuera del término que presente justa causa por la cual no puede

---

[18] 4 LPRA Ap. XXII-B, R. 33(B).
[19] 4 LPRA Ap. XXII-B, R. 33(B).
[20] *Soto Pino v. Uno Radio Group,* supra, pág. 93.
[21] *Rivera Marcucci et al. v. Suiza Dairy*, supra, pág. 171.

o pudo cumplir con el término establecido.[22] En conformidad con esto, nuestra última instancia judicial ha reafirmado que los tribunales podrán eximir a una parte de observar el cumplimiento con un término de este tipo únicamente si concurren las condiciones siguientes: **(1) que en efecto exista justa causa para la dilación y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación, es decir, que acredite de manera adecuada la justa causa aludida**.[23] (Énfasis nuestro).

Las partes litigantes deben atender estos requerimientos con seriedad, ya que "[n]o se permitirá desviación alguna del plazo [...] so pena de desestimación del recurso, a menos que la tardanza ocurrida se justifique detalladamente y a cabalidad". *Pueblo v. Fragoso Sierra*, 109 DPR 536, 539 (1980). Con respecto al requisito de justa causa, en *Soto Pino v. Uno Radio Group*, supra, nuestra Alta Curia reiteró que la justa causa se acredita mediante explicaciones "concretas y particulares, -debidamente evidenciadas en el escrito- que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora". *Soto Pino v. Uno Radio Group*, supra pág. 93 citando a *Febles v. Romar*, 159 DPR 714, 720 (2003).

Por otro lado, respecto a los requisitos de contenido necesarios para el perfeccionamiento de un recurso de *certiorari*, la Regla 34 (E) (1) del Reglamento de este Tribunal[24], dispone lo siguiente:

*Regla 34 – Contenido de la solicitud de "certiorari"*

El escrito de *certiorari* contendrá:

[...]
(E)  Apéndice

> (1)  Salvo lo dispuesto en el apartado (2) de este inciso y en la Regla 74, la solicitud incluirá un Apéndice que contendrá una copia literal de:
>
> > (a)  las alegaciones de las partes, a saber:
> >
> > > (i)  en casos civiles, la demanda principal, la de coparte o de tercero y

---

[22] *Soto Pino v. Uno Radio Group*, supra, pág. 92.
[23] *Id.*, pág. 93.
[24] 4 LPRA Ap. XXII-B, R. 34(C)

reconvención con sus respectivas contestaciones;

(ii)  en los casos criminales, la denuncia y la acusación si la hubiere.

(b)  La decisión del Tribunal de Primera Instancia cuya revisión se solicita, [. . .].

(c)  Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de *certiorari* y la notificación del archivo en autos de copia de la resolución u orden.

(d)  Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en las cuales se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari*, o que sean relevantes a ésta.

(e)  Cualquier otro documento que forme parte del expediente original en el Tribunal de Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.

Con respecto a los apéndices incompletos, nuestra Máxima Curia ha expresado lo siguiente: "[D]ebemos aclarar que generalmente nos hemos movido a desestimar recursos por tener apéndices incompletos **cuando esa omisión no nos permite penetrar en la controversia o constatar nuestra jurisdicción**". (Cita omitida) (Énfasis nuestro). *Vázquez Figueroa v. E.L.A.*, 172 DPR 150, 155 (2007).  También, ha expresado que, las normas que rigen el perfeccionamiento de los recursos apelativos deberán ser observadas rigurosamente.  *Soto Pino v. Uno Radio Group.*, supra, pág. 90*; Hernández Maldonado v. Taco Maker*, supra, pág. 290.  El incumplimiento con las disposiciones reglamentarias concernientes al contenido, forma y presentación de los recursos podría implicar que sean desestimados.  *Pueblo v. Valentín Rivera*, 197 DPR 636, 641 (2017).

Finalmente, conforme ha resuelto el Alto Foro, la parte que comparece ante el Tribunal de Apelaciones, tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. *Morán v. Marti*, 165 DPR 356, 367 (2005).

En consonancia con lo anterior, nuestra última instancia judicial expresó en *Hernández Jiménez v. AEE*, 194 DPR 378, 382-383 (2015) que:

> Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores.[25] Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.[26]

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla al caso ante nuestra consideración.

**III**

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si ostentamos jurisdicción para atender el recurso presentado. Veamos.

El señor Lampitt nos solicita que revisemos la *Orden* emitida el 8 de febrero de 2024 y notificada el 9 de febrero de 2024, por el Tribunal de Primera Instancia. No obstante, la parte peticionaria no acompañó con su recurso un apéndice que contuviese documentos relevantes que formen parte del expediente original en el Tribunal de Primera Instancia, que nos pudiese ser útil a los fines de resolver la controversia, según requiere el Reglamento de este Foro

---

[25] *García Morales v. Mercado Rosario*, 190 DPR 632, 638 (2014).
[26] *Soto Pino v. Uno Radio Group*, supra, pág. 90; *Hernández Maldonado v. Taco Maker*, supra, pág. 290; *Arriaga v. FSE*, supra, pág. 130.

Apelativo[27]. Por lo anterior, la parte peticionaria no nos colocó en posición de revisar al foro primario.

Por otro lado, mediante *Resolución* emitida el 22 de febrero de 2024, le ordenamos al señor Lampitt que acreditara el cumplimiento de la Regla 79 (E) del Reglamento de este Tribunal, en o antes del 23 de febrero de 2024 a las 12:00 del mediodía. Asimismo, le apercibimos que, el incumplimiento con lo ordenado, daría lugar a la denegatoria de la moción de auxilio y a la desestimación del recurso. El 23 de febrero de 2024, la parte peticionaria presentó la *Moci[ó]n Informativa en Cumplimiento con lo Ordenado Bajo la Regla 79 (E)*, donde alegó haber notificado por correo electrónico a las partes demandantes la presentación del *certiorari* y de la moción de auxilio de jurisdicción, y por correo certificado con acuse de recibo a las partes demandadas. A pesar de que la parte peticionaria afirmó haber notificado por correo electrónico a las partes, esta no acompañó evidencia que acreditara tal acción.

Conforme a la Regla 33(B) del Reglamento de este Tribunal de Apelaciones, el recurso de *certiorari* que se someta a la consideración del Tribunal de Apelaciones deberá ser notificado a los abogados o abogadas en récord, o en su defecto a las partes dentro del término dispuesto para la presentación del recurso, es decir, dentro del término de treinta (30) días a partir del archivo en autos de la copia de la notificación de la resolución u orden recurrida[28]. Este término es uno de cumplimiento estricto[29].

Es normativa reiterada que, las normas que rigen el perfeccionamiento de los recursos apelativos deberán observarse rigurosamente[30]. El incumplimiento con las disposiciones sobre

---

[27] 4 LPRA Ap. XXII-B, R. 34(E)(1).
[28] 4 LPRA Ap. XXII-B, R. 33(B).
[29] 4 LPRA Ap. XXII-B, R. 33(B).
[30] *Rojas v. Axtmayer Ent., Inc.*, supra, pág. 564; *Hernández Maldonado v. Taco Maker*, supra, pág. 290; *Soto Pino v. Uno Radio Group*, supra, pág. 90.

forma, contenido y presentación de los recursos apelativos puede conllevar la desestimación de estos.

En abono a lo anterior, lo que reitera nuestra falta de jurisdicción es que el recurso se tornó académico. De una revisión a SUMAC[31] pudimos constatar que, las partes de epígrafe acordaron que, el señor Lampitt desalojará y entregará voluntariamente la propiedad subastada en o antes del 29 de marzo de 2024 a Nice Realty Group. En virtud de dicho acuerdo, Nice Realty Group solicitó que se dejara sin efecto el lanzamiento programado para el 29 de febrero de 2024.

Consecuentemente, el 27 de febrero de 2024, el foro de primera instancia emitió una *Orden[32]* donde dejó sin efecto el lanzamiento programado para el 29 de febrero de 2024.

Según lo dispuesto por nuestro Máximo Foro, una controversia no es justiciable cuando hechos posteriores al comienzo del pleito han tornado la controversia en académica[33].

Una de las manifestaciones concretas del principio de justiciabilidad es la doctrina de academicidad. Sobre el particular, nuestro más Alto Foro ha reconocido que los tribunales pierden su jurisdicción sobre una controversia cuando, durante el trámite judicial, ocurren cambios fácticos o judiciales que tornan en académica o ficticia su solución. Esto es, el foro judicial no puede entender sobre un caso que ha perdido su condición de controversia viva y presente en atención a los cambios fácticos o de derecho acaecidos en el transcurso del tiempo[34].

En consecuencia, procedemos a desestimar el recurso de *certiorari* de epígrafe, de conformidad con la Regla 83(C) del

---

[31] Véase entrada #77 de SUMAC.
[32] Véase entrada #78 de SUMAC.
[33] *Super Asphalt v. AFI y otros*, 206 DPR 803 (2021); *Bhatia Gautier v. Gobernador*, 199 DPR 59, 68-69 (2017).
[34] *Pueblo v. Pagán Medina*, 177 DPR 842, 844 (2010); *Super Asphalt v. AFI y otros*, supra, pág. 816.

Reglamento de este Tribunal[35], la cual le confiere facultad a este Tribunal para a iniciativa propia desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**IV**

Por los fundamentos que anteceden, se desestima el recurso de *certiorari* por falta de jurisdicción y se declara No Ha Lugar la moción en auxilio de jurisdicción.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[35] 4 LPRA Ap. XXII-B, R. 83 (C).